IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLY M. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. CIV-11-963-C |
| ) | |
| FARMERS INSURANCE EXCHANGE, ) | |
| a/k/a Farmers Group, Inc., a/k/a ) | |
| Farmers Insurance Group, and ) | |
| FARMERS INSURANCE COMPANY, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

Following her termination of employment with Defendant, Plaintiff brought this action asserting claims for disability discrimination, harassment, and retaliation in violation of the Americans with Disabilities Act ("ADA"), Americans with Disabilities Amendments Act ("ADAAA"), the Oklahoma Anti-Discrimination Act ("OADA"), and the Family Medical Leave Act ("FMLA") interference and retaliation. Believing that Plaintiff failed to state a claim for relief or failed to plead facts sufficient to demonstrate entitlement to relief, Defendants filed the present motion pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of Plaintiff's disability discrimination claim, Plaintiff's retaliation and harassment claims, and arguing that Plaintiff failed to state a viable cause of action for disability-based hostile work environment. Finally, Defendants challenge Plaintiff's claim for FMLA interference.

In their challenge to Plaintiff's claim for disability discrimination, Defendants argue that Plaintiff failed to plead a prima facie case, as she has not pled facts which suggest she has a disability as defined by the ADA. Specifically Defendants challenge whether Plaintiff can demonstrate an actual disability or a record of disability as her claimed disability, obstructive sleep apnea, lacks supporting facts demonstrating it has substantially limited a major life activity.

As Plaintiff notes, Defendants' arguments are premised on case law predating the currently applicable law. Effective January 1, 2009, the ADAAA went into effect. Under that law, the definition of disability was broadened to increase the coverage available to individuals. Plaintiff further notes that the ADAAA defines major life activity to include sleeping. 42 U.S.C. § 12102(2)(A). Plaintiff also notes that the EEOC has broadened its implementing regulations to alter the definition of disability, noting that an impairment is a disability if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. 29 C.F.R. §1630.2(j)(1)(ii). Under the broader definition, the Court finds that Plaintiff has pled facts which give rise to a plausible claim for relief. While ultimately Plaintiff may fail in her quest to establish sleep apnea as a disability, at this stage the Court finds Plaintiff has sufficiently pled facts which entitle her case to move forward. Accordingly, Defendants' Motion to Dismiss will be denied on this ground.

Defendant has also argued that Plaintiff has failed to plead facts demonstrating that she was regarded as having a disability. Defendants hinge their argument on whether or not

they believed the sleep apnea substantially limited one of her identified major life activities or believed that she had an impairment other than that which limited one of her major life activities. In response, Plaintiff again points to the broader standards now applicable under the ADAAA, noting that whether or not the impairment substantially limits a major life activity is no longer relevant under the definition of "regarded as." Instead the employer is deemed to have regarded the individual as having a disability if it makes an adverse decision based upon the employer's belief that the individual has an impairment. Plaintiff has pled facts which if proven would establish that Defendants have perceived her as disabled. Accordingly, Defendants' Motion to Dismiss will be denied on this aspect.

Defendants next argue that Plaintiff is not a qualified individual with a disability. According to Defendants, Plaintiff's proposed accommodation would have allowed her to work from home or in what Defendants call "virtual status." Defendants then offer many reasons why working from home would not have been a viable option based on Plaintiff's alleged disability. However, the flaw in Defendants' argument is that it would require the Court to weigh the evidence and make a determination as to liability. Of course, that process is improper at this stage. Rather, the Court must look at the pleadings and determine if they could plausibly give rise to relief. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). Because Plaintiff has satisfied this standard, Defendants' Motion to Dismiss will be denied.

Defendants next challenge Plaintiff's claim for hostile work environment or disability harassment. According to Defendants, Plaintiff's hostile environment claim fails as she has

not pleaded facts which suggest that she was subjected to offensive utterances or frequent abusive behavior. As Plaintiff notes, Defendants request the Court to undertake an evaluation that is inappropriate at this stage of the proceedings. As the Tenth Circuit has noted, whether or not Plaintiff was subjected to an environment that was sufficiently severe or pervasive is "quintessentially a question of fact," McCowan v. All Start Maint., Inc., 273 F.3d 917, 923 (10th Cir. 2001) (internal quotation marks and citations omitted). Plaintiff has offered facts which must be accepted as true and which demonstrate there is at least some degree of plausibility in her claim. Accordingly, dismissal is inappropriate at this stage.

As Plaintiff notes in her response brief, other than making the bald statement that Plaintiff has failed to establish a disability retaliation claim, Defendants do not argue the issue further. Accordingly, the Court will not consider the issue as having been properly raised.

Finally, Defendants challenge Plaintiff's claim for interference under the FMLA. Defendants assert that Plaintiff's interference claim is based upon her contention that she was required to undergo medical care in March which required her absence for two days and, according to Plaintiff, she was not offered FMLA leave and was required to use vacation leave to cover her absence. According to Defendants, they are entitled under the law to require Plaintiff to use vacation pay even if the time properly counts as FMLA leave. Thus, Defendants argue, Plaintiff actually benefitted from their policy. According to Defendants, under the manner in which her time off was allocated, she is still entitled to 12 weeks of FMLA leave. Thus, she actually gained two additional days of FMLA time. While

Defendants' analysis may ultimately hold to be true, at this stage the question is whether or not Plaintiff has pleaded facts which would give rise to a plausible claim for relief. Because she has done so, Defendants' Motion to Dismiss must be denied.

For the reasons set forth herein, Defendants' Motion for Partial Dismissal of Plaintiff's Complaint for Failure to State a Claim Upon Which Relief May Be Granted (Dkt. No. 12) is DENIED.

IT IS SO ORDERED this 12th day of January, 2011.

ROBIN J. CAUTHRON
United States District Judge